CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRANCISCO VILLEGAS,  ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00540 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Francisco Villegas, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner challenges the validity of his confinement pursuant to the judgment of this court convicting him of conspiracy to possess and distribute 50 grams or more of methamphetamine and marijuana, in violation of 21 U.S.C. § 846, and sentencing him to 78 months in prison. The respondent filed a motion to dismiss and petitioner replied, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the government's motion to dismiss must be granted.

I.

A grand jury in Charlottesville returned a single count indictment against three individuals, including Villegas, in October 2003, charging that between January 2003 and July 15, 2003, the defendants conspired to distribute and to possess with intent to distribute 500 grams or more of methamphetamine and a quantity of marijuana. On advice of counsel, Villegas pled guilty, pursuant to a plea agreement, on November 16, 2004, to the lesser included offense of conspiracy to distribute and possess with the intent to distribute 50 grams of methamphetamine and marijuana. The court sentenced him on February 22, 2005, to 78 months. There was no appeal.

In his § 2255 motion, Villegas alleges the following grounds for relief:

1. Petitioner is entitled to resentencing under Blakely v. Washington, 542 U.S. 296 (2004).
2. Petitioner was entitled to a downward departure for his rehabilitation efforts.
3. Petitioner is entitled to a downward departure under United States Sentencing Guidelines (U.S.S.G.) 5K2.19, based on his status as a deportable alien.

1

4.   Ineffective assistance in explaining the plea agreement to petitioner and at sentencing.

II.

Respondent first argues that Villegas waived his right to bring this motion under § 2255, based on a waiver provision included in his plea agreement. Paragraph 8 of the plea agreement states:

> I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon my by the court.

Respondent also argues that Villegas waived his claims under Blakely. Paragraph 11, entitled "Blakely Waiver," waives the right to have a jury determine facts relevant to sentencing and agrees to have such facts determined by the district judge.

The United States Court of Appeals for the Fourth Circuit has held that plea agreement provisions waiving the right to appeal or collaterally attack a conviction are valid, so long as the defendant voluntarily and knowingly enters the waiver. United States v. LeMaster, 403 F.3d 216 (4th Cir. 2005). Whether the waiver is "knowing and intelligent" depends "upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." LeMaster, 403 F.3d at 221-22.

To dismiss a § 2255 motion under LeMaster as waived, the court must review the transcript of the plea hearing. The specific statements the defendant made to the court are critical to determining the validity and scope of a defendant's waiver. As respondent fails to provide a transcript of the plea hearing, the court cannot rely on the waivers as grounds to dismiss the § 2255 claims.

III.

Nevertheless, the court cannot find that Villegas is entitled to relief. Section 2255 is not a

2

substitute for direct appeal. Where a petitioner in §2255 proceedings raises claims that could have been raised on appeal, district court review of such issues is barred absent a showing of cause for the default and resulting prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998). Claims 1 through 3 and Villegas's assertion that his guilty plea was unknowing and involuntary could have been raised on direct appeal. As Villegas did not appeal, he has waived his right to bring these claims unless he demonstrates cause and prejudice or actual innocence to excuse his procedural default. Id. Villegas makes no such showing. Therefore, the court will dismiss these claims.

Villegas also raises claims of ineffective assistance. To prove that his counsel's assistance at trial or sentencing or on appeal was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's defective performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. To show prejudice under Strickland, petitioner must demonstrate "a reasonable probability" that but for counsel's errors, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95. If it is clear that no prejudice resulted from the alleged error, the court need not inquire whether the error qualifies as incompetent representation. Strickland, 466 U.S. at 697. When petitioner claims that counsel's ineffectiveness led him to plead guilty, petitioner must show (1) that counsel performed deficiently and (2) that "there is a reasonable probability that, but for counsel' errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Ostrander v. Green, 46 F.3d 347, 355 (4th Cir. 1995), overruled on other grounds by O'Dell v. Netherland, 95 F.3d 1214 (4th Cir. 1996). Although the Hill prejudice question is subjectively phrased, the court must engage in objective analysis to reach

3

an answer. Ostrander, 46 F.3d at 355. From the perspective of a reasonable defendant in the same circumstances as petitioner, the court must consider such objective factors as the strength of the government's case versus the strength of the defense case and any sentencing benefit received through the plea bargain versus the possible penalty to which the defendant would have been subject if convicted after a trial. Id. at 356. Restated, the inquiry is whether a reasonable defendant in petitioner's shoes, absent counsel's alleged errors, would still have pled guilty to avoid facing the possible consequences of conviction at trial?

Under these principles, Villegas fails to allege facts stating any claim of ineffective assistance. First, counsel made a reasonable strategic move in advising Villegas to plead guilty to the lesser included offense involving 50 grams of methamphetamine. In so doing, Villegas avoided being convicted of the greater charge of conspiracy involving 500 grams of methamphetamine, which carried a mandatory minimum sentence of ten years. He also gained a three-point reduction in offense level for acceptance of responsibility and stood a chance to earn a further reduction in sentence for substantial assistance to law enforcement. These options would not have been available after a conviction at trial. Moreover, counsel reasonably believed the government had a strong case against Villegas and his co-defendants. Villegas sold .75 grams of methamphetamine to a confidential informant on July 10, 2003, and later that day, agents executed a search warrant at his hotel room, where they ultimately seized 463.4 grams of the drug and $1,098 in cash. On July 15, 2003, agents got a tip that the co-defendants, located in Stuart's Draft, Virginia, were expecting a shipment of narcotics from Kansas City. Agents observed the co-defendants, executed a search warrant, and seized 693.3 grams of methamphetamine, 23.8 pounds of marijuana, and $41.00 in cash. Had the case gone to trial, the jury had ample evidence to find Villegas guilty of a conspiracy involving a much higher drug amount,;he would likely have been convicted of the 500 gram conspiracy and would have lost the sentencing advantages he gained by pleading guilty.

Under these circumstances, the claim that counsel erred in advising Villegas to plead guilty fails under both prongs of Strickland. Villegas vaguely complains that counsel told him he would

4

get less than 78 months imprisonment and that he did not understand the plea agreement in full because he is not a native English speaker. Even if counsel made these errors, his advice to accept the plea agreement was not unreasonable, given the great sentencing benefits to be gained through the plea agreement. Villegas fails to demonstrate any reasonable probability that absent counsel's alleged errors, he would have rejected the plea deal in favor of risking a trial and a higher sentence after conviction.

Villegas also fails to demonstrate that counsel was ineffective in failing to move for downward departure based on defendant's deportability. Villegas does not dispute respondent's evidence that he told counsel and the probation officer that he was not deportable, that he had achieved amnesty years before the instant offense. Given this information, counsel's failure to investigate the possibility that Villegas might be deported was not unreasonable. Moreover, Villegas cannot show prejudice from counsel's failure to make this motion for departure. Departures outside the guidelines rest in the discretion of the trial judge and are to be infrequent. U.S.S.G., Ch. 1 Pt. A, § 4(b). Cases that have granted departures for deportability have done so under very limited conditions not present in Villegas's case, when alienage greatly increased the severity of the punishment. See, e.g., United States v. Smith, 27 F.3d 649, 655 (D.C. Cir. 1994). Villegas complains that his alien status will prevent him from gaining community confinement during the last ten percent of his 78-month sentence and causes him to be housed in a higher security prison. The court cannot find that these conditions qualify as a significant increase in the severity of his punishment.

Finally, Villegas fails to demonstrate that counsel was ineffective for failing to argue that he should receive a downward departure for his post-conviction rehabilitation efforts. Again, such departures are rare and based only on unusual circumstances that Villegas has not shown here. While the court commends Villegas for his efforts to rehabilitate himself, the court could not find that he was entitled to a downward departure based on these efforts.

5

## IV.

In conclusion, the court finds that although the motion to dismiss must be denied on the ground that Villegas entered a plea agreement waiver of his right to bring this action, the motion must be granted on other grounds. Villegas fails to demonstrate that he is entitled to relief on any of his claims under § 2255. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _31st_ day of May, 2006.

/s/ James C. Turk
Senior United States District Judge